AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 1:14-CR-00106-TWP-MJD |
| JAIME MARTINEZ-ELVIR | ) | |
| | ) | USM No: 33109-051 |
| Date of Original Judgment: 08/20/2015 | ) | |
| Date of Previous Amended Judgment: | ) | Michael J. Donahoe (former) |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/20/2015 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 7/25/2024

*Judge's signature*

Effective Date: _____        Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*(if different from order date)*        *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00106-TWP-MJD |
| | ) | |
| JAIME MARTINEZ-ELVIR, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE**

This matter is before the Court on Defendant Jaime Martinez-Elvir's ("Martinez-Elvir") Motions for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 69; Dkt. 77).[1] Martinez-Elvir was convicted of Carjacking and Discharge of a Firearm During a Crime of Violence and received an aggregate sentence of 207 months (Dkt. 54). *Id.* He seeks a reduction of his sentence pursuant to Part A to Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Martinez-Elvir is ineligible for reduction because Part A to Amendment 821 is not applicable to him (Dkt. 76).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Martinez-Elvir (Dkt. 70). Counsel was later granted leave to withdraw (Dkt. 73). Mr. Martinez-Elvir was afforded an opportunity to supplement his petition following the withdrawal, and he filed an Amended Motion on June 6, 2024 (Dkt. 77). The Court considers Mr. Martinez-Elvir's original Motion and Amended Motion together in deciding whether he is entitled to a sentence reduction under Amendment 821.

U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the Court considers the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828–29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Martinez-Elvir is ineligible for a sentence reduction because Part A to Amendment 821 is not applicable to him. In Part A, the Sentencing Commission made certain amendments to U.S.S.G § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal history category calculation. "Status points" are added if the defendant committed the instant crime during a criminal justice sentence. *See* U.S.S.G § 4A1.1(e). Martinez-Elvir asserts that "he was on probation of the time of the instant offense" and "received two points for being under a criminal justice [sentence]" (Dkt. 69 at 2). In his Amended Motion, Martinez-Elvir clarifies that he believes he is entitled to a reduction under Part A because he "was incarcerated in the State of Indiana, made parole, then was indicted under [the] current offense." (Dkt. 77 at 2).

Under Part A, "status points" are added only if a defendant commits the instant offenses *during* a criminal justice sentence (like incarceration or parole), not *after* a criminal justice sentence. Martinez-Elvir did not commit the instant offenses during a criminal justice sentence, so, as the Government correctly notes, Martinez-Elvir did not receive any "status points." (PSR ¶ 39; Dkt. 76 at 5). As a result, Part A to Amendment 821 does not change Martinez-Elvir's criminal history points or his Criminal History Category.

Because Part A to Amendment 821 is not applicable to Martinez-Elvir, his guideline range does not change, and he is not eligible for resentencing. *See* § 3581(c)(2); § 1B1.10(a)(2)(B). The Court need not proceed to step two under *Dillon*. The Court commends Martinez-Elvir for his diligent efforts toward his personal and professional growth while in custody and hopes those efforts continue.

For the reasons explained above, Martinez-Elvir's Motions for Reduction of Sentence (Dkt. 69; Dkt. 77) are **DENIED**. Martinez-Elvir's total Criminal History Points of 4 and Criminal History Category of III remain **unchanged**.

The **Clerk is directed** to change the docket text for Dkt. 77 to reflect that it is an Amended Motion to Reduce Sentence.

**SO ORDERED**.

Date: 7/25/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jaime Martinez-Elvir
Register Number: 33109-051
USP ATWATER
U.S. PENITENTIARY
P.O. BOX 019001
ATWATER, CA   95301